UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL ZWICKI and ROXANNE ZWICKI, husband and wife,

Plaintiffs,

v.

SUPERIOR MACHINE CO. OF SOUTH CAROLINA, VOEST-ALPINE INDUSTRIES, INC., VOEST-ALPINE INDUSTRIEANLAGENBAU GES.M.B.H., and DEUTSCHE VOEST-ALPINE INDUSTRIEANLAGENBAU G.M.B.H.,

Defendants.

VOEST-ALPINE INDUSTRIEANLAGENBAU GES.M.B.H., and DEUTSCHE VOEST-ALPINE INDUSTRIEANLAGENBAU G.M.B.H.,

Third-party Plaintiffs,

v.

NORTH STAR STEEL COMPANY,

Third-party Defendant.

CIVIL NO. 00-1942 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on November 16, 2001 upon Plaintiffs' Motion to Compel [Docket No. 43]. Joel Smith, Esq. appeared on behalf of Plaintiffs; John Angell, Esq. appeared on behalf of Defendant Superior Machine; Jeffrey Lindquist, Esq. and Louis Tilton, Esq. appeared on behalf of Third-party Defendant North Star Steel Company.

FILED JAN 0 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel [Docket No. 43] is granted as to Document Request Nos. 7 and 8(a)-(e). Defendant shall produce documents and things responsive to said Requests no later than January 18, 2002. The Motion is denied in all other respects.

Dated: January 8, 2002

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

This is a personal injury action stemming from a workplace injury. Plaintiffs move for an Order compelling Third-party Defendant North Star Steel, Plaintiff Michael Zwicki's employer at the time of the injury, to provide responses to Plaintiffs' Document Request Nos. 7 and 8. (The Motion was withdrawn at the hearing as to all discovery requests other than Document Requests Nos. 7 and 8). Document Request No. 7 seeks all photographs or video recordings in North Star's possession of the specific piece of equipment by which Plaintiff Michael Zwicki was injured. Document Request No. 8 seeks all documents regarding North Star's investigation of the incident. North Star asserts that all of these materials are privileged under the work product doctrine because they were prepared in anticipation of litigation.

The work product doctrine is set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that a party may not obtain discovery of items prepared in anticipation of litigation by or for another party unless the party seeking discovery can show (1) that it has substantial need of the materials in the preparation of its case, and (2) that it is unable without undue hardship to obtain the substantial equivalent of the items by other means. However, before the party seeking discovery is required to make this showing of undue hardship and substantial need, the opposing party has the burden of demonstrating that the material meets the definition of attorney work-product. Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512 (D. Minn. 1997)(citing Rabushka v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997)).

> In order to satisfy [its] burden, that the requested material falls within the qualified immunity of Rule 26(b)(3), [Defendant] must make three showings; namely, that the materials are: 1) documents and tangible things; 2) prepared in anticipation of litigation or for trial; and 3) by or for another party by or for that other party's representative.

Onwuka, 178 F.R.D. at 512 (citing Fed. R. Civ. P. 26(b)(3)). Accordingly, our first inquiry is whether North Star has made the necessary showings to establish that the items sought by Plaintiffs fall within Rule 26(b)(3).

The first element is not in dispute. The items sought are documents, video tapes and photographs, which qualify as "documents and tangible things."

In support of the second element, North Star has submitted an Affidavit of Robert Jakse, the plant manager of the location where Plaintiff's injury occurred. Mr. Jakse states that he received a memorandum from Mark J. Isaacson, an attorney in the Cargill

Law Department, directing him to undertake an investigation of the incident. According to Mr. Jakse, the memorandum stated that the investigation was needed to obtain legal advice regarding North Star's potential liability. Mr. Jakse directed one of his employees, Carl Czarnik, to head the investigation team, which also included two other North Star employees. The investigation team produced a 15-page report with three appendices containing their personal notes, in addition to other documents.

Mr. Jakse's Affidavit makes no mention of video tapes or photographs. North Star has not established that the items requested in Request No. 7 were prepared in anticipation of litigation. North Star has not met its burden with respect to these items, and we cannot conclude that they are covered by the work-product privilege.

Plaintiff's Document Request No. 8, on the other hand, specifically requests the report and supporting documents that Mr. Jakse avers were prepared at the direction of counsel. Plaintiff argues that these documents were not prepared in anticipation of litigation and do not qualify for the privilege.

North Star bears the burden with respect to this issue. Onwuka, 178 F.R.D. at 512. "[B]ecause litigation can be anticipated at the time almost any incident occurs, a substantial and significant threat of litigation is required before a discovery opponent's anticipation will be considered a reasonable and justifiable motivation for production of a document. . . . Demonstration of a substantial and significant threat requires a showing of objective facts establishing an identifiable resolve to litigate." Allen v. Chicago Transit Auth., 198 F.R.D. 495, 500 (N.D. Ill. 2001)(citation omitted). North Star has not made such a showing. Mr. Jakse's Affidavit indicates that North Star was concerned about possible

legal liability; it does not establish objective facts to support a substantial and significant threat of litigation.

In addition, Plaintiffs argue that these documents were not prepared in anticipation of litigation, but rather as part of North Star's regular business practices. Plaintiffs base this argument on the deposition testimony of Carl Czarnik, specifically on the following exchange:

> Q: Is that something that was just part of your regular job?
> A: No. I was asked to do the investigation.
> Q: By North Star Steel?
> A: Correct.
> Q: It would be fair to say that this investigation isn't something you just took on on your own?
> A: No. Being melt shop superintendent, you get these jobs.
> Q: With respect to the notes that you had taken for this investigation, have you ever provided copies of those notes to North Star Steel?
> A: Yes.
> Q: Just photo copies?
> A: Photo copies, correct, and the report, you know. Everything was condensed.
> Q: So you prepared an accident report?
> A: Uh-huh.
> Q: Is that yes?
> A: Correct.
> Q: And in addition to the accident report, you had notes that you took that you wrote the report on?
> A: Correct.
> Q: Did you provide both the notes and the investigation report to North Star Steel?
> A: Yes.
> Q: And that was just something that the business asked you to do for the purpose of investigating the accident?
> A: Correct.
> Q: Did they tell you what the reason for doing it was?
> A: No, not really. I mean, it was standard – standard practice to do an investigation report on a serious

> incident. We do that on near misses. We do it on many safety incidents.

Czarnik Deposition, p. 11 l. 11 - p. 12 l. 20.

"[M]aterials which are prepared in the regular course of business receive no protection under Rule 26(b)(3)." Onwuka, 178 F.R.D. at 513. See also Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987)(citations omitted). "Even if litigation was reasonably anticipated . . . routine or ordinary investigations or reports are not work product and can be obtained through normal discovery procedures without a special showing of need." United States v. Ernstoff, 183 F.R.D. 148, 156 (D.N.J. 1998)(citations omitted). Mr. Czarnik testified that it was standard practice for North Star to perform an investigation after an incident like the one involving Plaintiff. The fact that these documents are also determined to be of potential use in this litigation does not turn the documents into work product. Ernstoff, 183 F.R.D. at 156 (citing Hardy v. New York News Inc., 114 F.R.D. 633, 646 (S.D.N.Y. 1987)). North Star has not met its burden of establishing that the requested documents were prepared in anticipation of litigation, so the protections of Rule 26(b)(3) do not apply.

J.M.M.