UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1942(DSD/JMM)

Michael Zwicki and Roxanne Zwicki, husband and wife,

Plaintiffs,

v. **ORDER**

Superior Machine Co. of South Carolina,

Defendant,

and

Voest-Alpine Industries, Inc., Voest-Alpine Industrieanlagenbau, Ges.m.b.H, and Deutsche Voest-Alpine Industrieanlagenbau, GmbH,

Defendants,

and

Deutsche Voest-Alpine Industrieanlagenbau, GmbH,

Third-Party Plaintiff,

v.

North Star Steel, Incorporated,

Third-Party Defendant.

This matter is before the court on the motion of third-party defendant North Star Steel, Inc. ("North Star") to dismiss its subrogation indemnity claims and the contribution claims asserted

2002
FILED
RICHARD D. SLETTEN, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

against it by third-party plaintiff, Deutsche Voest-Alpine Industrieanlagenbau, GmbH ("Voest"). For the following reasons, the court grants North Star's motion.

## BACKGROUND

This case stems from an industrial accident that occurred on December 24, 1998, during the course of plaintiff Michael Zwicki's ("Zwicki") employment with third-party defendant North Star. On that date, a large piece of metal slag fell from the cover of a large electric arc furnace and struck Zwicki causing serious injury. Pursuant to the Minnesota Workers' Compensation Act, North Star has paid and continues to pay workers' compensation benefits to and on behalf of Zwicki.

Zwicki and his wife brought suit against the various defendants alleging that they negligently and carelessly designed, tested, manufactured, installed, promoted, distributed, sold or advertised the electric arc furnace in question and that they negligently failed to warn of its hazards and defects. Defendants then brought claims for contribution and indemnity against North Star by way of third-party complaints alleging that Zwicki's injuries were caused wholly, or in part, by the negligence of North Star.

North Star denies the negligence claim and has asserted, by way of its counterclaims against all defendants, subrogation

claims. In these subrogation claims North Star seeks to recover its workers' compensation benefits paid and payable.

North Star now brings the present motion to dismiss its subrogation and indemnity claims and the contribution claims asserted against it, contending that under Minnesota law an employer may avoid potential contribution liability by waiving its statutory subrogation rights to recover workers' compensation benefits paid and payable. That is, under this so-called "waive and walk" procedure, North Star asserts that in exchange for waiving its subrogation rights, it is entitled as a matter of law to dismissal of the third-party plaintiff's contribution claims. For the reasons stated, the court agrees with North Star's argument and will grant its motion to dismiss.

**DISCUSSION**

Pursuant to Minnesota law, an injured employee has a right not only to receive workers' compensation benefits from his employer but also to pursue a claim for damages against a third party tortfeasor. Minn. Stat. § 176.061, subd. 5(a). The employer also has a statutory right of subrogation against an at-fault third-party for workers' compensation benefits paid or payable to an injured employee. Minn. Stat. § 176.061, subds. 3 and 5. This constitutes a separate additional cause of action, independent from the employee's claims against the third party, which the employer

is "free to dispose of ... as it sees fit." Minn. Stat. § 176.061, subd. 7; Folstad v. Eder, 467 N.W.2d 608, 612 (Minn. 1994). If the entire claim is litigated through to a verdict, any aggregate recovery must be shared by the employee and employer according to a subrogation recovery formula set out in the workers' compensation statute.

Either the employee or the employer may independently resolve these separate claims prior to trial. See Naig v. Bloomington Sanitation, 258 N.W.2d 891 (Minn. 1971). In such cases, the tort action is "effectively separated into one claim for damages recoverable under workers' compensation and another claim for those damages not recoverable under workers' compensation." Folstad, 467 N.W.2d at 612. If an employer resolves its independent subrogation claims prior to the commencement of trial, the subrogation recovery formula does not apply and the employer waives any rights it might have to the employee's subsequent recovery, specifically, the right to claim a portion of the employee's recovery as a credit against future compensation payable. Folstad, 467 N.W.2d at 612. Moreover, when the subrogated employer resolves its separate claim before trial, the employer's part of the claim, i.e., the damages recoverable under workers' compensation, are removed from the case. See id. 467 N.W.2d at 613. An employer may also be liable for contribution "in an amount proportional to its percentage of negligence, but not to exceed its total workers' compensation

liability to plaintiff." Lambertson v. Cincinnati Corp., 257 N.W.2d 679, 689 (Minn. 1977).

In 2000, the Minnesota Legislature codified an employer's right to avoid potential contribution liability by waiving its subrogation rights:

> To the extent the employer has fault, separate from the fault of the injured employee to whom workers' compensation benefits are payable, any nonemployer third party who is liable has a right of contribution against the employer in an amount proportional to the employer's percentage of fault but not to exceed the net amount the employer recovered pursuant to subdivision 6, paragraphs (c) and (d). The employer may avoid contribution exposure by affirmatively waiving, before selection of the jury, the right to recover workers' compensation benefits paid and payable, thus removing compensation benefits from the damages payable by any third party.

Minn. Stat. § 176.061, subd. 11 (2000). This new subdivision is commonly known as the "waive and walk" provision because it allows the employer-insurer to waive its subrogation claim and thereby "walk" away from the lawsuit without fear of contribution exposure by an at-fault defendant tort-feasor. This section of the statute became effective August 1, 2000. The present lawsuit was commenced in or about December 2000.

North Star asserts that, pursuant to § 176.061, subd. 11, it must be allowed to avoid potential contribution liability if it decides to affirmatively waive its subrogation rights. Accordingly, the contribution claims asserted by defendants in the

third-party complaint and cross-claim should be dismissed. Voest counters that the statute is not applicable because the date of the accident should be considered controlling, not the date that the suit was filed, and thus, the "waive and walk" provision cannot be applied retroactively to this lawsuit. North Star, in turn, argues that the statute merely codified the already existing common law. See Folstad v. Eder, 467 N.W.2d 608 (Minn. 1991).[1]

After carefully considering this matter, the court concludes that § 176.061, subd. 11 does apply to North Star. Thus, North Star may avoid any potential contribution liability by waiving its subrogation claim rights. In particular, the court notes that the statute is not being applied against plaintiff's tort claims but rather against Voest's separate and distinct claim for contribution. Under Minnesota law, "a claim for contribution or indemnity does not accrue ... at the time of the commission of the tort, but at the time of the payment of the underlying claim." Hermeling v. Minnesota Fire & Cas. Co., 548 N.W.2d 270, 274 (Minn. 1996). See also In Re Westerhoff, 688 F.2d 62, 63 (8th Cir. 1982) (reciting that a contribution action ripens only when a party is

[1] While no appellate courts in Minnesota have addressed this issue, North Star has submitted two Minnesota state district court decisions in support of their position. (See Jeffrey Lindquist Aff. Ex. D; Lindquist Supplemental Aff. Ex. A.) While the court recognizes that these decisions lack precedential value, the court does find them to be instructive and believes that this court's resolution of the present matter is in conformance with these state court decisions.

paid more than its proportionate share of the "total obligation.); Grothe v. Saffer, 305 Minn. 17, 23-24, 232 N.W.2d 227, 232 (Minn. 1975) ("a claim for contribution does not accrue or mature until the person entitled to the contribution has sustained damage by paying more than his fair share of the joint obligation.") Consistent with this principle, Minnesota courts have likewise recognized that rights of contribution, such as those asserted here by Voest, "are not vested rights and thus can be 'impaired by subsequent legislation.'" Wirth v. M.A. Mortensen, 520 N.W.2d 173, 176 (Minn. Ct. App. 1994). Thus, the court concurs with North Star's assertion that Voest's right of contribution only vests after it has established, through litigation, that North Star was negligent and is jointly liable, along with Voest, for plaintiffs' injury. Because Minn. Stat. § 176.061, subd. 11 was effective before the accrual of Voest's contribution rights, the statute can be applied prospectively against those, as of yet, unvested rights. Accordingly, the court determines that the statute applies to this case, North Star has the right to "waive and walk," and dismissal of the contribution claims against North Star is warranted since

Voest has no valid cause of action against North Star.[2] North Star's motion to dismiss must therefore be granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Third-party defendant North Star's motion to dismiss is granted;

2. The third-party complaints and cross-claim of defendants and third-party plaintiffs seeking contribution against third-party defendant North Star are dismissed with prejudice;

3. The counterclaims of third-party plaintiff North Star against defendants and third-party plaintiffs are dismissed with prejudice; and

4. Third-party defendant North Star is hereby dismissed as a party to this lawsuit.

Dated: February 1, 2002

David S. Doty, Judge
United States District Court

[2] North Star also argues that, even if the statute's effective date did not apply, since the statute merely codifies the common law as articulated in Folstad v. Eder, the same result would occur. 467 N.W.2d 608 (Minn. 1991). The court agrees with North Star's assertion and concludes that even if the statutory provision of Minn. Stat. § 176.061, subd. 11 did not apply to the present matter, the common law as delineated in Folstad would still afford North Star the right to "waive and walk." Id.