UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1942(DSD/JMM)

Michael Zwicki and Roxanne Zwicki, husband and wife,

Plaintiffs,

v.

**ORDER FOR SUMMARY JUDGMENT**

Superior Machine Co. of South Carolina,

Defendant,

and

Voest-Alpine Industries, Inc., Voest-Alpine Industrieanlagenbau, Ges.m.b.H, and Deutsche Voest-Alpine Industrieanlagenbau, GmbH,

Defendants,

and

Deutsche Voest-Alpine Industrieanlagenbau, GmbH,

Third-Party Plaintiff,

v.

North Star Steel, Incorporated,

Third-Party Defendant.

The above-entitled matter came on for hearing before the undersigned Judge of the United States Federal District Court, District of Minnesota, on April 19, 2002, pursuant to a motion by defendant, Superior Machine Co., for summary judgment in its favor

APR
FILED
RICHARD D. SLETTEN, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

on all of the claims against it in the above-entitled matter. This motion was unopposed by plaintiffs in this matter.

Based upon all of the files, records, and proceedings herein and the court being fully advised of the premises, it makes the following order:

**IT IS HEREBY ORDERED** that:

Defendant, Superior Machine Co., is entitled to summary judgment in its favor dismissing with prejudice all of the claims against it in the above-entitled matter.

Dated: April 19, 2002

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.